**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ROBERT BUTLER**                                                                                       **PLAINTIFF**

**V.**                                                              Civil Action No. 3:05-cv-274WS

**NATIONAL LLOYDS INSURANCE COMPANY**
**FOWLER ADJUSTMENT COMPANY, INC..**                                        **DEFENDANTS**

## ORDER DENYING REMAND

Before the court is the motion of the plaintiff to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c), which provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded... ."

This case was removed from state court to this federal court by defendant National Lloyds Insurance Company ("NLIC") pursuant to Title 28 U.S.C. § 1441(a) which provides that an action filed in state court may be removed to federal court if the action is one over which the federal court has subject matter jurisdiction. NLIC, claiming jurisdiction of this court based on diversity of citizenship[1] and the requisite

---

[1] Title 28 U.S.C. § 1332 provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... ."

amount in controversy, contends that plaintiff improperly joined the defendant Fowler Adjustment Company, Inc. (Fowler), a Mississippi corporation, to avoid federal jurisdiction and fix venue in Hinds County, Mississippi.  Should this court dismiss Fowler from this action, this court would then have subject matter jurisdiction under Title 28 U.S.C. § 1332,[2] diversity of citizenship.  Plaintiff has responded to defendant's removal with the instant motion seeking remand.

### Choice of Law

Where the basis for federal subject matter jurisdiction asserted by the removing party is diversity of citizenship, this court will apply state substantive law under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that a federal court sitting in a diversity case in which there exists no applicable substantive federal statutory or constitutional law must apply relevant state substantive laws).

### Removal Jurisdiction

The burden of establishing this court's jurisdiction over a case removed from state court is on the party seeking removal.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  Where the plaintiff has moved to remand the case to state court, the non-movant carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence.  *Id*. at 814.  The United States Court of Appeals for the Fifth Circuit recently has departed from using the term "fraudulent joinder" and has adopted the term "improper joinder," stating there is no

---

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... .

2

substantive difference between the two terms. *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 571, n.1 (5th Cir. 2004), *cert. denied,* ___ U.S. ___, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

      In *Smallwood,* the Fifth Circuit emphasized that the purpose of the improper joinder inquiry is to determine the appropriateness of joinder, not the merits of the case. *Id*. at 574. The two ways to establish improper joinder are (1), actual fraud in the pleading of jurisdictional facts, or (2), inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*., citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The appropriate test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Furthermore, in *Travis v. Irby*, the Fifth Circuit explained that the question is whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse party given the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Travis*, 326 F.3d at 647; *Burden v. General Dynamics Corporation*, 60 F.3d 213, 216 (5th Cir. 1995). This possibility that state law may impose liability must be reasonable, not merely theoretical. *Id.,* at 648.

      This court resolves improper joinder claims in either of two ways. The first is that this court may conduct a Rule 12(b)(6)[3] type analysis, looking initially at the

---

[3]Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim,

3

allegations of the complaint to determine whether the plaintiff has alleged a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. The second way involves those cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id*. In these cases the district court, in its discretion, may pierce the pleadings and conduct a summary inquiry. *Id*. The Fifth Circuit has cautioned that the summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant, and that any attempt to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits." *Id*. at 574-75. Furthermore, this court is obliged to resolve all disputed questions of fact and substantive law in favor of the plaintiff. *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42 (5th Cir. 1992).

### The Complaint

The plaintiff Robert Butler states in his complaint that he owned a home in Maben, Mississippi, which was damaged by fire. Butler says he lost contents and suffered structural damage. At the time of the fire, Butler says he was insured by the defendant NLIC, a Texas corporation. Butler says he notified NLIC of the fire loss and obtained several repair estimates to present to NLIC as proof of loss. According to the complaint, NLIC rejected all these estimates and hired the non-diverse defendant Fowler to adjust Butler's claim. Once Fowler reported to NLIC, says Butler, NLIC

---

counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  (6) failure to state a claim upon which relief can be granted, ... ."

offered only 25% of the lowest estimate obtained by Butler as a full and final settlement of Butler's fire loss. Butler says he would not accept the offer. Consequently, says Butler, NLIC paid the amount to the lienholder. Butler's complaint charges NLIC with failing to abide by the insuring agreement in force at the time of the fire, failure to investigate the fire, wrongful handling of the claim, tortious breach of contract, gross negligence, and intentional tort.

Next, Butler's complaint charges Fowler with calculating the allegedly inadequate offer on behalf of NLIC. Butler charges Fowler with wrongful handling of Butler's claim, contrary to the provisions of the insuring agreement, gross negligence and failure to investigate. Butler's complaint also asserts that this wrongful handling was conducted by Fowler maliciously and in reckless disregard for Butler's rights.

The complaint is short and asserts virtually the same thing against both NLIC and Fowler. The only conduct charged against Fowler different from the charges against NLIC is that Fowler prepared and calculated the offer of settlement submitted to Butler by NLIC. NLIC contends that Fowler prepared and calculated the offer of settlement in a proper manner, and that the plaintiff merely characterizes Fowler's actions as malicious and reckless in order to avoid federal jurisdiction.

## **ANALYSIS**

Under Mississippi law, insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can "incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. California Life Insurance Co*mpany, 581 So.2d 1087, 1090 (Miss. 1991), quoting *Dunn v. State Farm Fire &*

5

*Casualty Company*, 711 F.Supp. 1359 (N.D. Miss. 1987); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 406 (5th Cir. 2004).

In the instant case, Butler's complaint charges Fowler with gross negligence, malice and reckless disregard, but does not make any assertion that Fowler performed any role in the investigation of Butler's claim or in the decision to offer the unsatisfactory settlement. The complaint only states that Fowler prepared and calculated the figures used by NLIC to make its settlement offer. Butler's complaint does not say how Fowler made these calculations or show that Fowler committed any act in the evaluation process which would constitute gross negligence, malice, or reckless disregard of the rights of the insured. Thus, NLIC argues that its removal of this case was appropriate because Butler's complaint failed to attribute any specific actionable conduct to the non-diverse defendant Fowler. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

In *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777 (Miss. 2004), the Mississippi Supreme Court held that an insurance adjuster's conduct did not amount to gross negligence where the benefits were not paid until ten months after the claim was submitted due to a breakdown in communication and cooperation. The Court noted that the adjuster's acts in the adjustment of the claim in question, at the most, were negligent, notwithstanding the plaintiff's assertions of deceit, gross negligence and outrageous conduct. *Id.* at 784. The Court also noted that the complaint failed to show that the adjuster ever denied or recommended denial of the claim in question.

In this court's view, Butler's complaint does not state enough to permit this court to find any reasonable probability that state law wold impose liability on Fowler when it at all times acted as the agent for NLIC, simply calculating the loss involved.

**The Matter Of A Common Defense**

Butler also contends that NLIC has asserted a defense common to itself and to Fowler. Under the common defense theory, says Butler, remand to state court is required. According to Butler, NLIC contends that Fowler acted properly and was not grossly negligent, malicious or reckless in its regard for Butler's claim. Butler notes that NLIC contends the same for itself. Thus, says Butler, if the disposition of this case exonerates both the diverse and non-diverse defendants on these assertions, then the defense is a common defense and remand is required pursuant to the *Smallwood* decision. Butler carries the principle of common defense too far.

A common defense is one which, if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of both the non-diverse defendants and the diverse defendants. *Smallwood*, 385 F.3d at 575. If a common defense is involved in a movant's fraudulent joinder argument, then this court must consider if a successful outcome to the argument will result in the dismissal of all claims against all defendants. *Rainwater v. Lamar Life Insurance Company*, 391 F.3d 636 (5th Cir. 2004). In that event, *Smallwood* would require this court to remand the case to state court where the entire case would be dismissed. In the instant case, a finding that Fowler was not grossly negligent, malicious or reckless in its regard for Butler's claim would not necessarily establish the same for NLIC. A common defense is not a factual determination to be made. It is, instead, a defense such as preemption or the statute of limitations which would preclude a plaintiff's state law claims against both the diverse and non-diverse defendants, and enable the state court to dismiss the lawsuit outright. The common defense theory is not applicable here.

## **CONCLUSION**

This court must conclude from the charges against Fowler in Butler's complaint that there simply is not enough to establish a reasonable basis for predicting that state law might impose liability upon the resident defendant Fowler.  This court dismisses Fowler from this action.  With Fowler's absence, this court has before it diverse parties and the amount in controversy requisite for diversity jurisdiction under § 1332.  Therefore, the motion of the plaintiff to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi  [**Docket No. 4-1**] is denied.  The motion for time to conduct-remand related discovery [**Docket No. 7-1**] is terminated as moot.  The parties are directed to contact the United States Magistrate Judge for the purpose of obtaining a case management order setting the schedules for disclosures, discovery and other related pre-trial matters.

**SO ORDERED** this the 30th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:05-cv-274WS
Order Denying Remand